# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

_____

|  |  |
|---|---|
| **CHRISTOPHER VENEGAS,** <br> *on his own behalf and on behalf* <br> *of all other similarly situated,* | ) <br> ) <br> ) <br> ) <br> ) |
|     **Plaintiffs,** | ) <br> ) |
|     **v.** | ) <br> ) |
| **GLOBAL AIRCRAFT SERVICE, INC.** <br> **4500 Claire Chennault St.** <br> **Addison, TX 75001,** | ) <br> ) <br> )    **Civil Action No.: _____** <br> ) |
| *and* | ) <br> ) |
| **LUFTHANSA TECHNIK NORTH AMERICA** <br> **HOLDING CORP.,** <br> **5100 E. Skelly Drive, Ste. 570** <br> **Tulsa, OK 74135,** | ) <br> ) <br> ) <br> ) <br> ) |
|     *Defendants.* | ) <br> ) |

_____)

## CLASS ACTION AND REPRESENTATIVE ACTION CIVIL COMPLAINT FOR EQUITABLE AND MONETARY RELIEF

Plaintiff Christopher Venegas, on behalf of himself and on behalf of all other similarly-situated employees and/or former employees known and unknown, by and through the undersigned counsel, brings a Class Action pursuant to Federal Rule of Civil Procedure 23(b)(3), asserting claims under the Maine Minimum Wage and Overtime Act, 26 Me. Rev. Stat. Ann. §§ 663, 664, 670, *et seq.*, and a Representative Action on behalf of himself and the other similarly-situated employees and/or former employees who may participate as permitted under the Fair Labor Standards Act, 29 U.S.C. § 207, *et seq.* ("FLSA") against Defendants Global Aircraft Service, Inc. and Lufthansa Technik North America Holding Corp. (Defendants), and complains of Defendants as follows:

## INTRODUCTION

1.      This is a Civil Representative Action brought by Plaintiff Christopher Venegas, on behalf of himself and other similarly situated employees and/or former employees who may opt-in as permitted under 29 U.S.C. § 216(b) by giving his consent in writing to become such a party and filing such consent with this Court, against Defendants Global Aircraft Service, Inc., a Texas for-profit corporation, and Lufthansa Technik North America Holding Corp., a Delaware for-profit corporation, as jointly and severally liable to the Plaintiffs for violations of the Fair Labor Standards Act of June 25, 1938, Chapter 676, 52 Stat. 1069, 29 U.S.C. §§ 201-19 ("FLSA"), and a class action for violations of the Maine Minimum Wage and Overtime Act, 26 M.R.S.A., §§ 663, 664, 670, *et seq*.

2.      Defendants willfully misclassified Plaintiff Venegas and other similarly-situated employees as independent contractors instead of employees in violation of the FLSA and in violation of the Maine Minimum Wage and Overtime Act, 26 M.R.S.A.   §§ 663, 664, 670, *et seq*.

3.      Plaintiff Venegas and other similarly-situated employees did not hold employment positions with Defendants that fell within the statutory exemptions for bona fide executive, administrative, or professional employees, as these terms are defined by the Secretary of Labor under the FLSA, and Plaintiff Venegas and other similarly-situated employees all share or shared similar job titles, job skills and job responsibilities and were subjected to the same terms and conditions of employment, as well as the same unlawful failures to pay all wages legally due and owing to them, in violation of Maine law and the FLSA.

## JURISDICTION AND VENUE

4.       This Court has subject matter jurisdiction over the claims presented on the first

2

and second causes of action herein pursuant to the Act of June 25, 1938, Chapter 676, 52 Stat. 1069, 29 U.S.C. §§ 201-219, a law of the United States regulating interstate commerce, and specifically under the provisions of Section 16 of said Act, as amended (29 U.S.C. § 216(b)).

5.     This Court has supplemental jurisdiction over the Maine statutory claims pursuant to 28 U.S.C. § 1367(a).

6.     Venue in this district and in this division is appropriate pursuant to 28 U.S.C. §§ 1391(b)(3) and 1391(c), because Defendants conduct business in this district.

## JURY DEMAND

7.     Plaintiff demands trial by jury of all claims to the extent allowed by laws.

## PARTIES

8.     Plaintiff Christopher Venegas is a resident of the State of Texas, and Venegas has given his consent in writing to become a party plaintiff in this action on behalf of himself and the other employees similarly situated. (Venegas's Notice of Consent to Opt-In Form is attached hereto as Exhibit 1.)

9.     Defendant Global Aircraft Service, Inc. (Global), a Texas for-profit corporation, conducts business and/or provides services at the Auburn-Lewiston Municipal Airport in Auburn, Maine, and is subject to the personal jurisdiction of this Court and the Courts of the State of Maine.

10.     Defendant Lufthansa Technik North America Holding Corp. (Lufthansa Technik), a Delaware for-profit corporation, conducts business and/or provides services at the Auburn-Lewiston Municipal Airport in Auburn, Maine, and is subject to the personal jurisdiction of this Court and the Courts of the State of Maine.

11.     Defendants acted through unified operation and/or common control so as to

constitute an "Enterprise" within the meaning of § 203(r) of the FLSA that the Defendants' Enterprise has gross revenue in excess of $500,000 per annum, is engaged in the production of goods for interstate commerce and/or uses and handles goods which have moved in interstate commerce as such terms are defined in FLSA, employs ten (10) or more persons, and is a joint employer subject to the jurisdiction of the FLSA.

12.     Upon information and belief, at all times material herein, there are at least 40 similarly-situated other persons who are or were employed by Defendants as part of their workforces at the Auburn-Lewiston Municipal Airport in Auburn, Maine,  and are or were Defendants' employees as that term is defined by Maine law and the FLSA.

### FACTUAL ALLEGATIONS

13.     In December 2007, Deutsche Lufthansa Berlin-Stiftung (DLBS) bought at auction three Lockheed Super Star aircraft located in Auburn, Maine. The aircraft included a former Lufthansa Airlines flagship plane in service with the airline between 1958 and 1966.

14.     DLBS bought the aircraft at auction, and began plans to restore them to specification (with the exception of some modern engine and cockpit instrumentation) as they would have come off the assembly line in post-World War II Europe.  Directly after the purchase, DLBS appointed Defendant Lufthansa Technik to restore the best-preserved of the three to airworthy condition in Auburn, Maine.

15.     Lufthansa Technik is the world's leading independent provider of maintenance, repair and overhaul services for civil commercial aircraft.  The Lufthansa Technik group includes 31 technical maintenance operations around the world with a total of nearly 20,000 employees.

16.     Lufthansa Technik subsequently contracted with Defendant Global to provide

4

sheet metal workers for the aircraft preservation project occurring in Auburn, Maine. Defendants thereupon acted through unified operation and/or common control so as to constitute an "enterprise" within the meaning of § 203(r) of the FLSA.  29 U.S.C. § 203(r)(1).

17.    Thereafter, Defendants hired and/or employed Plaintiff Venegas and similarly-situated employees to serve as sheet metal workers to provide services and labor in furtherance of Defendants' aircraft restoration project occurring in Auburn, Maine.

18.    Defendants willfully misclassified Venegas and similarly-situated employees as independent contractors instead of employees when Defendants hired Venegas and similarly-situated employees to provide services and labor in furtherance of Defendants' aircraft restoration project occurring in Auburn, Maine.

19.    Defendants jointly employed Venegas as a sheet metal worker from in or about February of 2013 through on or about May 13, 2014, and Defendants paid Venegas $35.00 per hour with no overtime premium.

20.    Defendants controlled all aspects of Venegas's and similarly-situated employees' employment, and Defendants directed Venegas's and similarly-situated employees' daily activities.

21.    Defendants first assigned Venegas's job duties as fabricating parts.  Four months into the program, Defendants assigned Venegas to start working on fuel tanks.  Defendants then assigned Venegas to fabricate stringers, frames, and skins.  Finally, Defendants placed Venegas on the installation team.

22.    Defendants required Venegas and similarly-situated employees to work six days per week from Monday through Thursday from 6:00 AM to 6:00 PM, on Friday from 6:00 AM to 4:30 PM, and Saturday, 6:00 AM to 2:30 PM.  In total, Defendants required Venegas and

similarly-situated employees to work 63.5 hours per week on average.

23.    Defendants did not permit Venegas and similarly-situated employees to deviate from the forgoing schedule, and Defendants' strict schedule precluded Venegas and similarly-situated employees from finding outside work.

24.    Defendants provided Venegas and similarly-situated employees with tools including shears, breaks, and an English Wheel, and Defendants had a system where Venegas and similarly-situated employees could "check out" tools on an as-needed basis.

25.    Defendants provided Venegas and similarly-situated employees with seven Global Aircraft Services t-shirts, and Defendants required Venegas and similarly-situated employees to wear these shirts every work day.  Defendants also provided Venegas and similarly-situated employees with a company e-mail address, and Defendants communicated with Venegas and similarly-situated employees through the company e-mail address about meetings, changes to work assignments, etc.

26.    Global initially installed Venegas and similarly-situated employees in furnished apartments in Maine, and Global subsequently provided Venegas and similarly-situated employees with housing allowances.

27.    Venegas regularly worked overtime, often working twelve hour days.

28.    When Venegas worked over forty hours in a week, Defendants still paid him the normal hourly rate; Defendants did not pay overtime wages at a rate of one and one half times Venegas's normal hourly rate.

29.    Defendants did not fully compensate Venegas for all of the hours that he worked; he frequently worked twelve hour days, but his paystubs often did not reflect that much work.

30.    Defendants employed Venegas and other similarly situated employees as flaggers

and construction workers, tasking them with handling the safe passage of traffic through construction areas along with other tasks required in the repair and maintenance of power infrastructure at numerous sites in Maine and the District of Columbia.

31.     Venegas's primary duties, as well as the duties of the other similarly situated employees, were nonexempt as the term is defined by the FLSA.

32.     Throughout Plaintiff's employ with Defendants, Venegas, as well as other similarly situated employees, regularly worked in excess of forty (40) hours per calendar week.

33.     Defendants did not compensate Venegas or other similarly situated employees at a rate of time-and-a-half for any overtime hours worked beyond forty (40) per calendar week.

34.     Instead, Defendants either did not pay overtime to Plaintiff and other similarly situated employees or paid Plaintiff and other similarly situated employees straight time for any overtime hours worked beyond forty (40) per calendar week.

## FLSA REPRESENTATIVE ACTION ALLEGATIONS

35.     Defendants employed Plaintiff Venegas and other similarly situated employees and thus were required under the FLSA to compensate Plaintiff and other similarly situated employees for their work at an hourly compensation rate and at time-and-a-half for any and all overtime hours worked.

36.     Defendants willfully and intentionally failed and/or refused to compensate Plaintiff Venegas and other similarly situated employees properly.

37.     After completing 40 hours of labor in any given week, Plaintiff and other similarly situated employees were entitled to overtime compensation paid at a rate of time and a half their normal hourly rate from the Defendants pursuant to the FLSA.

38.     Despite Plaintiff and other similarly situated employees regularly completing

forty (40) hours of labor for the Defendants in any given week, Defendants failed and/or refused to pay Plaintiff Venegas and other similarly situated employees the overtime compensation to which they are entitled.

39.     Plaintiff Venegas brings this representative action on behalf of himself and all other similarly situated employees.

40.     The cohort of similarly situated employees that Plaintiff seeks to represent is defined as follows:

> **All present and former misclassified employees of Defendants who worked on Defendants' aircraft restoration project occurring in Auburn, Maine and who were not paid overtime at a rate equal to one and one-half times their regular compensation rate for a period of time three years prior to the filing of this complaint .**

41.     The precise number of similarly situated employees and their addresses are unknown to Plaintiff but are believed to exceed forty (40).

42.     The similarly situated employees may be identified from Defendants' records and may be notified of the pendency of this representative action by mail, supplemented, if deemed necessary, by published notice.

43.     There is a well-defined community of interest in the questions of law and fact involved in this case which affect Plaintiff and all similarly situated employees. Questions of law and fact in common include, but are not limited to, the following:

> a.     The amount of overtime wages due and owing by the Defendants to the Plaintiff and all similarly situated employees pursuant to FLSA; and
>
> b.     Whether Plaintiff is entitled to the declaratory relief prayed for below.

44.     Plaintiff adequately represents the similarly situated employees because he will fairly and adequately protect their interests.  Plaintiff's interests do not conflict with the interests

of the similarly situated employees whom he seeks to represent. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in employment litigation.

45.     The interests of the similarly situated employees will be fairly and adequately protected by Plaintiff and his counsel, and this action may be maintained as a representative action because Defendants have acted or refused to act on grounds generally applicable to Plaintiff and similarly situated employees.

## Class Action Allegations

46.     Plaintiff brings this action pursuant to as a Class Action pursuant to Federal Rule of Civil Procedure 23(b)(3) asserting claims under 26 M.R.S.A.. §§ 663, 664, and 670on behalf of himself and a class of all past, present and future employees of Defendants during the relevant statutory period.

47.     The class is so numerous that joinder of all such persons individually is impractical.  On information and belief, the class exceeds 40 present and former employees of Defendants.

48.     Plaintiff and the class have all been similarly affected by Defendants' violation of Maine law.

49.     Plaintiff and the class he represents may be reluctant to raise individual claims for fear of retaliation.

50.     There are questions of law or fact common to the class that predominate over any questions affecting only individual members, which include, but are not limited to, the following:

        a.   Whether Defendants failed to pay overtime at a rate of time and a half of the putative Class employees' normal hourly rate.

9

51.     Plaintiff's claims are typical of the claims of the above described class because: a) Plaintiff is a members of the class; b) the interests of Plaintiff are co-extensive with the interests of the other members of the class; c) Plaintiff's claims arise out of the same unlawful practices, policies and/or course of conduct that form the basis of the claims of the class; d) Plaintiff's claims are based on the same legal and remedial theories as those of the class; e) there is a lack of adverse interests between Plaintiff and the other members of the class; and f) common questions exist.

52.     Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in employment and class action litigation.

53.     Plaintiff will fairly and adequately protect the interests of the class.

54.     The instant case meets both the predominance and superiority requirements of Federal Rule of Civil Procedure 23(b)(3).

55.     The common questions of law and fact regarding Defendants' illegal compensation schemes predominate over any individual differences in class members' claims.

56.     A class action is superior to other available methods for the fair and efficient adjudication of the class claims under Maine law and pursuant to Federal Rule of Civil Procedure 23(b)(3), this case should proceed as a class action in respect to the economic damages owed to Plaintiffs and the putative class members.

57.     If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions, creating a serious hardship to members of the class, the Court and the Defendants.  Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

58.     Because members of the class were subject to the same unlawful payment policies and procedures, class members have little interest in individually controlling the prosecution of separate actions and, in most if not all cases, would be unlikely to obtain counsel to adjudicate their individual claims.

59.     To date, on information and belief, separate litigation has not commenced against these Defendants for the unlawful compensation practices at issue here.

60.     The case does not present individualized or exceedingly complex factual or legal issues that would render management of the suit as a class action difficult.  Rather, Plaintiff and the class he seeks to represent were all subject to the same unlawful practices that give rise to the instant complaint, and Defendants' practices and procedures present the central and overriding issues in the case.

61.     The similarly situated employees may be identified from Defendants' records and may be notified of the pendency of this representative action in the manner the Court directs.

**COUNT I**
**26 M.R.S.A. §§ 663, 664, 670, *et seq.***
**Against all Defendants, Jointly and Severally**
**(Class Action)**

62.     Plaintiff hereby incorporates all allegations set forth in all the foregoing paragraphs as though fully alleged herein.

63.     Defendants willfully and/or intentionally failed and/or refused to pay to the Plaintiff and the other similarly-situated employees the proper wages owed to them under 26 M.R.S.A. §§ 663, 664, 670, *et seq*.

64.     As a result of Defendants' unlawful conduct, Plaintiff and the other similarly situated employees suffered a loss of wages, and thus Defendants are liable to Plaintiff and the other similarly-situated employees for their economic damages including but not limited to such

wages, liquidated damages, and the costs of the action, including costs or fees of any nature, and reasonable attorney's fees.

**COUNT II**
**Fair Labor Standards Act of 1938 (FLSA)**
**29 U.S.C. § 201, *et seq.***
**Against all Defendants, Jointly and Severally**
**(Representative Action)**

65.     Plaintiff hereby incorporates all allegations set forth in all the foregoing paragraphs as though fully alleged herein.

66.     Defendants are "employers" as that term is defined in the FLSA.

67.     Plaintiff and the other similarly-situated employees are or were Defendants' employees within the meaning of the FLSA.

68.     Defendants failed to compensate Plaintiff and similarly-situated employees according to the overtime wage requirements set forth in the FLSA.

69.     Defendants' actions were taken with willful disregard for the rights of Plaintiff and other similarly situated employees under the FLSA, and as a result Defendants are liable to Plaintiff and the other similarly-situated employees for their economic damages including but not limited to such wages, liquidated damages, and the costs of the action, including costs or fees of any nature, and reasonable attorney's fees.

**Prayer for Relief**

WHEREFORE, Plaintiff prays that this Honorable Court:

A.     Certify this case as a class action pursuant to Federal Rule of Civil Procedure 23;

B.     Appoint Plaintiff and his counsel of record to represent the class;

C.     Declare that Defendants committed one or more of the following acts:

      a.     Knowingly violated Maine law and FLSA with respect to Plaintiff and the

12

class;

b.      Violated Maine law and the FLSA with respect to Plaintiff and the class;

c.      Violated Maine law and the FLSA and withheld Plaintiff's and class members' wages without any bona fide dispute, and

d.      any other declaration as the Court deems appropriate;

D.    Award judgment in the amount of the difference between the wages actually paid to him and the wages owed to him under Maine law and the FLSA;

E.    Award judgment for Plaintiff's economic damages in amounts according to proof as provided for in Maine law and the FLSA;

F.    Award pre-judgment interest;

G.    Award interest due on unpaid wages;

H.    Award reasonable attorney's fee and the costs of this action as provided in Maine law and FLSA; and

I.    Award any such further relief this Honorable Court deems just and proper to award

*Plaintiff Christopher Venegas, on his own behalf and on behalf of all other similarly-situated employees and/or former employees of Defendants*,

/s/ Jeffrey Neil Young, Esq.
Jeffrey Neil Young, Esq.
Johnson, Webbert & Young
160 Capital Street, Suite 3
P.O. Box 79
Augusta, ME 04332
(207) 623-5110
(207) 622-4160
jyoung@johnsonwebbert.com
*Counsel for Plaintiffs*

13

/s/ Allison G. Gray, Esq.
Allison G. Gray, Esq.
Johnson, Webbert & Young
160 Capital Street, Suite 3
P.O. Box 79
Augusta, ME 04332
(207) 623-5110
(207) 622-4160
jyoung@johnsonwebbert.com
*Counsel for Plaintiffs*


/s/ R. Scott Oswald, Esq.
R. Scott Oswald, Esq. (*pro hac vice pending*)
The Employment Law Group, P.C.
888 17th Street, NW, Ninth Floor
Washington, D.C. 20006
(202) 261-2812
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.com
nwoodfield@employmentlawgroup.com
*Counsel for Plaintiffs*


/s/ Nicholas Woodfield, Esq.
Nicholas Woodfield, Esq. (*pro hac vice pending*)
The Employment Law Group, P.C.
888 17th Street, NW, Ninth Floor
Washington, D.C. 20006
(202) 261-2812
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.com
nwoodfield@employmentlawgroup.com
*Counsel for Plaintiffs*