**EXHIBIT 4**

# IMPORTANT NOTICE OF OVERTIME WAGES LAWSUIT

*Christopher Venegas, et al., v. Global Aircraft Service, Inc., et al. Inc.*
***pending*** in the United States District Court for the District of Maine
Civil Action No.: 2:14-cv-00249-NT

**To:** All present and former metal workers who performed work for Global Aircraft Service, Inc. and/or Lufthansa Technik North America Holding Corp. on the Lockheed Super Star aircraft project located in Auburn, Maine Between January 1, 2008, and the present date.

**Re:** Lawsuit violations of the overtime wage provisions of the Fair Labor Standards Act of 1938.

The Court has authorized this notice to you because you may be entitled to join in this lawsuit as a plaintiff. The details are as follows:

1. <u>Description of the Lawsuit</u>:

Plaintiff Christopher Venegas filed a lawsuit claiming that Defendants Global Aircraft Service, Inc. and Lufthansa Technik North America Holding Corp. (the Defendants) improperly classified him as an independent contractor and then failed to properly compensate him for all of the overtime compensation he should have received on the Lockheed Super Star aircraft project located in Auburn, Maine. The lawsuit seeks payment of unpaid wages and liquidated damages for any former and current employees of Defendants who were not properly paid for all of the work they performed.

This Notice is to inform you that you are potentially eligible to participate, that your rights under the Fair Labor Standards Act ("FLSA") may be affected by the lawsuit, and that you can join this lawsuit as an "opt-in" plaintiff should you so choose. You have been sent this Notice because during the period from January 1, 2008, and the present you were employed by Global Aircraft Service, Inc. and/or Lufthansa Technik North America Holding Corp. on the Lockheed Super Star aircraft project located in Auburn, Maine.

2. <u>Nature of the Lawsuit and Relief Sought</u>

Plaintiffs contend that Defendants improperly classified them as Independent Contractors and also failed them to pay them all regular and overtime wages due and owing. Defendants generally deny that they violated the FLSA.

3. <u>Your Right To Participate</u>

You have a right to participate in the lawsuit, and to do so you must sign and return the attached Consent to the Plaintiffs' counsel at the following address:

1

GAS/Lufthansa Overtime Lawsuit
The Employment Law Group, P.C.
888 17th Street, N.W., Suite 900
Washington, D.C. 20006
(202) 261-2835 (fax)

An addressed and postage-paid envelope is enclosed. Your signed Consent must be postmarked by [**insert date 45 days from date of notice**]. If your signed Consent is not postmarked by [**insert date 45 days from date of notice**], you will not be eligible to participate in the lawsuit. It is entirely your own decision whether to participate in the lawsuit. You are not required to take any action unless you so desire.

4. No Retaliation Permitted

The FLSA provides that it is unlawful for your employer "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to the FLSA, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee[.]" **In other words, the FLSA prevents the Defendants from retaliating against you in any way if you participate in the lawsuit.**

5. The Statute Of Limitations

The FLSA contains a limitations period of at least two years and potentially up to three years for the filing of a claim for unpaid overtime wages, after which the claim is forever barred for being filed too late. This deadline is known as the "statute of limitations." In the event that you decide not to file a Consent to join this lawsuit, you should consult with your own attorney as to the statute of limitations that would apply to any claim you may have.

6. Effect of Joining the Lawsuit; Alternatives

If you choose to join the lawsuit, you will be bound by the judgment, whether it is favorable or unfavorable. You will also be bound by any settlement that may be reached on behalf of all of those who opt-in to the lawsuit. You may be required to cooperate in discovery, and you may be required to respond to written questions, sit for a deposition, and testify at trial.

Also, by joining the lawsuit, you will become a party-plaintiff in this action and you will be designating Plaintiffs as your agents to make decisions on your behalf concerning the lawsuit, including, without limitation, the method and manner of conducting the lawsuit, the entering of a settlement agreement, the entering of an agreement with their lawyers concerning fees and costs, and all other matters pertaining to the lawsuit. As such, by joining the lawsuit, you are consenting to Plaintiffs and their lawyers making important decisions concerning the prosecution of this lawsuit on your behalf. The decisions and agreements made and entered into by Plaintiffs will be binding on you if you join the lawsuit. You also will be designating Plaintiffs' lawyers to act as your lawyers for the purposes of the lawsuit.

Plaintiffs already have entered into a contingency fee agreement with their lawyers, which means that if there is no recovery, there will be no attorneys' fees or costs chargeable to you from them.  If there is a recovery, Plaintiffs' lawyers will receive a part of any settlement obtained or money judgment entered in favor of all those who opt-in to the lawsuit.  You may request a copy of the contingency fee agreement executed by Plaintiffs from Plaintiffs' attorneys.

As an alternative to joining this lawsuit, you may file your own lawsuit with any counsel of your choosing, or do nothing.

7. Effect of Not Joining the Lawsuit

If you do not wish to be part of the lawsuit, you need not to do anything.  If you do not join the lawsuit, you will not be part of the lawsuit in any way and will not be bound by or affected by the result or any judgment, whether favorable or unfavorable.  In the event that you decide not to file a Consent to join the lawsuit, the statute of limitations will continue to run until such time as you file a lawsuit on your own behalf.  You should consult with your own attorney as to the statute of limitations that would apply to any claim you may have.

8. Right To Consult Counsel

If you wish to discuss the lawsuit, you may contact Plaintiffs' lawyers or a lawyer of your own choosing.  Plaintiffs' lawyers are:

Jeffrey Neil Young, Esq.
Allison G. Gray, Esq.
Johnson, Webbert & Young
160 Capital Street, Suite 3
P.O. Box 79
Augusta, ME 04332
(207) 623-5110
(207) 622-4160
jyoung@johnsonwebbert.com
allison@johnsonwebbert.com
*Counsel for Plaintiffs*

Nicholas Woodfield, Esq. (pro hac vice)
Scott Oswald, Esq. (pro hac vice)
The Employment Law Group, P.C.
888 17th Street, NW, Ninth Floor
Washington, D.C. 20006
(202) 261-2812
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.com
nwoodfield@employmentlawgroup.com
*Counsel for Plaintiffs*

# OPT-IN CONSENT TO JOIN COLLECTIVE ACTION
*Christopher Venegas, et al., v. Global Aircraft Service, Inc., et al.,*
*pending* in the United States District Court for the District of Maine
Civil Action No.: 2:14-cv-00249-NT

1. I consent and agree to pursue my claims arising out of unpaid compensation in connection with the above referenced lawsuit.

2. I understand that this lawsuit is brought under the Fair Labor Standards act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* I hereby consent, agree and opt-in to become a Plaintiff in the lawsuit and be bound to any judgment by the Court or any settlement of this action.

3. I designate Class Representative Christopher Venegas as my agent to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation and all other matters pertaining to this lawsuit.

4. By signing and returning this Opt-In Consent to Sue, I understand that I will be represented by The Employment Law Group, P.C. on a contingency fee basis without prepayment of attorney's fees. I understand that if Plaintiffs are successful, costs expended by attorneys on my behalf will be deducted from my settlement or judgment first. I understand that The Employment Law Group, P.C. may petition the Court for an award of attorneys' fees and costs to be paid by the Defendants on my behalf. I understand that the fees retained by the attorneys will be either the amount of attorneys' fees received from the Defendants or one-third of my total settlement or judgment amount, whichever is greater.

_____   _____
(Date)                                                              (Signature)

Name: _____
         (Please Print)
Address: _____           Work Phone: _____
             _____           Home Phone: _____
             _____           Email: _____

**Complete and Mail or Fax this Form To:**
GAS/Lufthansa Overtime Lawsuit
The Employment Law Group, P.C.
888 17th Street, N.W., Suite 900
Washington, D.C. 20006
(202) 261-2835 (fax)

**\*\*NOTE\*\***
**Statute of Limitations concerns mandate that you return this form as soon as possible to preserve your rights.**

4